UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EDDIE POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-139-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANK BISIGNANO,[1] | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Eddie Poole appeals the Social Security Administration's denial of his claim for disability insurance benefits ("DIB") and Supplemental Social Security Income ("SSI") benefits.  [Record No. 10]  He contends that the Administrative Law Judge ("ALJ"), assigned to his case, erred by finding that the Commissioner had met his burden at step five.  *Id.*  But after reviewing the record and considering the parties' arguments, the Court concludes that the ALJ's decision is supported by substantial evidence.  Therefore, the Commissioner's motion for judgment [Record No. 12] will be granted while Poole's motion [Record No. 10] will be denied.

## I.  Background

Poole was forty-seven years old at the when he applied for benefits under the Social Security Act ("Act") and forty-nine years old when his case was heard by ALJ Jonathan

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.

Stanley.  [Record No. 7, Transcript ("Tr.") at 66, 115].  He has a ninth-grade education and worked in the past as an animal caretaker/farm laborer, box maker, and landscape laborer.  *Id.* at 37, 52.  He filed applications for disability and SSI under Titles II and XVI of the Act in March 2022, alleging a period of disability beginning in January 2022, due to breathing problems, high blood pressure, stomach issues, and anxiety.  *Id.* at 12, 85, 242, 253, 282.  Following the administrative hearing, his claims were denied initially and again following reconsideration.  *Id.* at 131, 136, 157, 161.  The matter is ripe for judicial review pursuant to 42 U.S.C. § 405(g).

## II.  Legal Standard

A "disability" under the Act is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)).  A claimant's disability determination is made by an ALJ in accordance with "a five-step sequential evaluation process."  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc).

In determining whether a claimant is "disabled" and entitled to supplemental income, he must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. §§ 404.1520(b), 416.920(b).  Second, the claimant must show that he suffers from a severe impairment or a combination of impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d).  Fourth, if the

claimant has a severe impairment but the ALJ cannot make a determination regarding the disability based on medical evaluations and current work activity, the ALJ will review the claimant's RFC and relevant past work to determine whether he can perform his past work. 20 C.F.R. §§ 404.1520(e), 416.920(e).  If he can, he is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

If the claimant's impairments prevent him from doing past work, the ALJ will consider his RFC, age, education, and past work experience to determine whether he can perform other work under the fifth step of the analysis.  If he cannot perform other work, the ALJ will find the claimant disabled.  20 C.F.R. §§ 404.1520(g), 416.920(g).  "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'"  *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

A district court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards in reaching his or her decision.  42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  In addition, a reviewing court does not conduct a *de novo* review, resolve conflicts in evidence, or decide questions of credibility.  *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).  If the court finds substantial evidence to support the Commissioner's judgment, it must affirm that decision even if it would have decided the matter differently, and even if substantial evidence also supports the opposite conclusion.  *Id.* at 714.  And substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

### III.  Analysis

Poole argues that the Commissioner failed to meet his burden at step five.  His argument can be summarized in this way: Poole's RFC limitations preclude the jobs the Vocational Expert ("VE") testified he was capable of performing; this mismatch presented a conflict that the ALJ failed to resolve or even address; and even if there was no genuine mismatch, the VE's testimony on the number of available jobs in the national economy was unreliable.  [Record No. 10]  However, the Commissioner insists that the ALJ appropriately relied on the VE's testimony.  He argues: there was no inconsistency between Poole's RFC limitation and the jobs the VE testified he could perform; the ALJ followed the proper procedures and appropriately relied on the VE's testimony; the VE's proffered number of jobs was sufficient notwithstanding what other data may say; and Poole did not challenge the reliability of the VE's testimony during the hearing.  [Record No. 12]

As discussed in greater depth below, the ALJ's decision was supported by substantial evidence because the VE's testimony was supported by sufficient indicia of reliability, he followed the proper procedures in assessing and relying on the VE's testimony, and there was no obvious conflict for him to resolve.

Poole identifies no statute or case law requiring a VE to incorporate or resolve a conflict between the number of jobs listed in the SkillTRAN database with the VE's proffered number. During a benefits hearing in *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778 (6th Cir. 2017), *aff'd sub nom. Biestek v. Berryhill*, 587 U.S. 97 (2019), Biestek challenged the VE's testimony concerning the work he could perform and requested the data and documentation supporting the VE's opinions.  The VE resisted, arguing that her files were confidential and her opinions were based, in part, on her "'professional experience,' gained from talking with employers and

conducting job analyses." *Id.* at 789–90.  The "ALJ declined to require her to produce such information, even in a redacted format." *Id.* at 790.  On appeal, the plaintiff argued that was error because "little substantiates the reliability of the vocational expert's testimony other than her word." *Id.*  And thus, her testimony falls short of substantial evidence. *Id.*

But the Sixth Circuit disagreed and the United States Supreme Court affirmed.  After noting that the Seventh Circuit had imposed a Rule 702-like requirement on vocational expert testimony, the panel declined to adopt a similar approach. *Id.* (citing Fed. R. Evid. 702); *Biestek*, 587 U.S. at 103 (considering but also declining to adopt that approach).  It acknowledged that VE testimony may not be "conjured out of whole cloth," but that Congress explicitly "exempted Social Security disability proceedings from the strictures of the Federal Rules of Evidence, allowing ALJs to consider a broader range of potentially relevant information than would be admissible in an ordinary court of law." *Id.* at 790 (citing 42 U.S.C. § 405(b)(1)).  And where there "is 'no reason to suppose that the ALJ did not carefully weigh the credibility of witnesses who testified," then the "ALJ's acceptance of [the vocational expert's] testimony cannot be said to have been improper.'" *Id.* at 791 (addition in original) (quoting *Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 481 (6th Cir. 1988)).

Much like the plaintiff in *Biestek*, Poole challenges the data underlying the VE's testimony by claiming that it does not conform with the SkillTRAN database.  [Record No. 10 at 10–11]  But if the database were the only way to determine the number of jobs available in the national economy, there would be no need for the VE's testimony on that point.  And while Poole points to cases finding the SkillTRAN database reliable, he points to no cases saying that an estimation of the number of jobs available that is based on a VE's "education, training, and experience" is somehow unreliable.  [Tr. at 57]  Here, the ALJ considered the VE's

credibility and reliability.  *Id.* at 28.  And unlike the plaintiff in *Biestek*, Poole's counsel never cross examined the VE, objected to her testimony, or challenged the jobs or number of positions available in his request for rehearing before the Appeals Council.  [Tr. at 57, 150–55]

While Poole appears to argue that the Court should remand because the number of jobs available are much lower than the estimate the VE provided, the undersigned notes that the Sixth Circuit has repeatedly declined to declare a "'magic number' [or percentage when] evaluating whether a job exists in significant numbers."  *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 449 (6th Cir. 2012); *Norris v. Comm'r of Soc. Sec.*, 139 F.4th 541, 545–47 (6th Cir. 2025).  Instead, it has reiterated that the determination is made "on a case-by-case basis." *Id.* (citing *Hall v. Bowen,* 837 F.2d 272, 275 (6th Cir. 1988)).  Here, despite Poole's claims that the sorter and final inspector jobs only make up 179 and 113 jobs, by his own data, the small products assembler job makes up 19,404 jobs in the national economy.  [Record No. 10-1]  Therefore, the Court "need not decide" whether 179 and 113 are "significant numbers" where "thousands of [small products assembler] jobs exist on a national basis."  *Id.*

To be sure, both the Sixth Circuit and "the Supreme Court have determined that a vocational expert's testimony about the total number of jobs in the national economy available to the applicant may support the denial of benefits."  *Norris*, 139 F.4th at 547 (citing *Biestek v*, 587 U.S. at 105–08; *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 904 (6th Cir. 2016)).  And in this case, the ALJ's decision to rely on the VE's testimony (based on her education, training, and experience) that a significant number of jobs existed in the national economy which Poole could perform was supported by substantial evidence.

- 6 -

Poole makes a similar argument to the one rejected in *Centers v. Colvin*, No. CIV.A. 5:14-194-KKC, 2015 WL 3637402 (E.D. Ky. June 10, 2015). There, Centers claimed that the Commissioner's burden was not met at step five. *Id.* at *4. More specifically, he argued that there was a mismatch between his RFC's limitations and the VE's testimony concerning work he could perform. *Id.* But the court outlined the procedure the ALJ was required to follow, referenced portions of the transcript where each process occurred, and determined that the decision was supported by substantial evidence. *Id.* It also noted that there was no "obvious" conflict that the "ALJ should have picked up on [it] without any assistance." *Id.* (quoting *Overman v. Astrue,* 546 F.3d 456, 463 (7th Cir. 2008)). Again, Poole's counsel declined to question the VE, file objections after the hearing was over, or even challenge the VE's testimony in his request for rehearing. Now, he asks this Court to reweigh the evidence and question the ALJ's credibility determination—two things it cannot do.

"A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) (citing *Varley v. Sec. of Health & Hum. Servs.*, 820 f.2d 777, 779 (6th Cir. 1987)). Poole does not contest the accuracy of his impairments as portrayed in the ALJ's hypotheticals. [*See* Record Nos. 10 and 13.] And where the ALJ inquired of the VE whether her testimony conflicted with the information provided in the Dictionary of Occupational Titles ("DOT") and she confirmed it did not, nothing more was required. [Tr. at 56–57]; *see Centers*, 2015 WL 3637402, at *4 (citing SSR 00–4P, 2000 WL 1898704, at *4 (Dec. 4, 2000)). And contrary to Poole's argument, the ALJ not obligated to investigate further or notice the alleged conflict between the DOT and the VE's testimony as

- 7 -

it was not "obvious" and Poole made no objection. *Id.* (citing *Martin v. Comm'r of Soc. Sec.,* 170 F. App'x 369, 374 (6th Cir. 2006) ("Nothing in SSR 00–4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct.")).

The ALJ properly relied on the VE's testimony concerning work available to Poole as it was supported, at a minimum, by some "indicia of reliability." *Biestek*, 587 U.S. at 107. The transcript supports that the VE listened carefully to the hypotheticals the ALJ proposed and adjusted her responses based on new information. For example, when presented with the second hypothetical incorporating Poole's physical limitations and asked whether that person could still perform the same work as the individual in the first hypothetical she responded, "I would say some of those jobs, they would exist, but I would erode the figures by a third based on the occasional reaching overhead." [Tr. at 55] Here, where the ALJ satisfies the required procedures and relies on the VE's testimony which contains at least some indicia of reliability, there is no error.

## IV. Conclusion

As noted previously, a reviewing court does not try the case *de novo* and even if the court would resolve the dispute differently, "the Commissioner's decision must stand if supported by substantial evidence." *See Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). In this case, the ALJ's opinion is supported by ample evidence and consideration of all material facts. The Court cannot re-weigh the evidence in a manner such as to come to a different conclusion—even one which the evidence could have supported. Nor can the Court disrupt the ALJ's credibility determinations when the "testimony has sufficient indicia of reliability." *See Biestek*, 587 U.S. at 107.

Based on the foregoing analysis and discussion, it is hereby **ORDERED** as follows:

1.     Plaintiff Eddie Poole's motion for judgment [Record No. 10] is **DENIED**.

2.     Defendant Commissioner of Social Security's motion for judgment [Record No. 12] is **GRANTED**.

3.     This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: November 6, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky